# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STEPHANIE A. MARTINDALE,
            Appellant,

            v.

DEPARTMENT OF THE ARMY,
            Agency.

DOCKET NUMBER
AT-3443-19-0678-I-1

DATE: July 22, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Jacob N. Hill, Jr., Madison, Alabama, for the appellant.

Erika McPherson, Esquire, Redstone Arsenal, Alabama, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was a Human Resources (HR) Specialist at the GS-12 level at the agency's Redstone Civilian Personnel Advisory Center (CPAC). Initial Appeal File (IAF), Tab 9 at 6, 13. According to the appellant, in September and October 2015, she found certain employees not to be qualified for positions in a new cell created by the Director of Human Resources to perform CPAC functions for the Army Aviation and Missile Command (AMCOM). IAF, Tab 1 at 5, Tab 9 at 4-5, 7-12. The appellant alleged below that this HR Director waived the qualifications in order to place employees in the positions in question. IAF, Tab 1 at 5, Tab 9 at 4, 9. The appellant further alleged that she subsequently "received unfavorable actions and reprisals" from the HR Director. IAF, Tab 1 at 5.

The appellant later applied for, was offered, and accepted a position of Human Capital Management Specialist in AMCOM's Security Assistance Management Directorate (SAMD), also at the GS-12 level. *Id.* at 5, 29. On January 17, 2017, the HR Director advised SAMD that it should have posted the Human Capital Management Specialist vacancy for which it selected the appellant as a GS-9 or GS-11 position, and that the GS-12 level was too high for the job requirements. *Id.* at 26-27. SAMD agreed. *Id.* at 26. By letter dated January 18, 2017, prior to the effective date of the appellant's reassignment, the agency informed her that it was rescinding the job offer. *Id.* at 25, 33.

In October 2017, the agency reduced the appellant's grade to a GS-11, with a corresponding change in job title to Workforce Development Specialist. IAF, Tab 9 at 6. This resulted in a reduction in her basic rate of pay by $5,152. *Id.* The appellant indicated that she competed for the position, but should have been given "safe pay." IAF, Tab 15 at 4. The agency asserted that the appellant did

not compete for the position, but rather accepted a voluntary downgrade. IAF, Tab 9 at 13, Tab 14 at 6-7.

At some point in time following the agency's rescission of her job offer, the appellant filed a complaint with the Office of Special Counsel (OSC), alleging that the agency committed prohibited personnel practices when it rescinded the job offer. IAF, Tab 1 at 12. The specific prohibited personnel practices included discrimination based on race and sex, and reprisal for her prior equal employment opportunity (EEO) activity. *Id.* She subsequently alleged to OSC that the HR Director abused her authority by advising management to lower the appellant's grade from a GS-12 to a GS-11, "which affected [her] pay." *Id.* at 8. On June 27, 2019, OSC closed its inquiry into the appellant's allegations. *Id.* at 7.

In the meantime, the appellant contacted the agency's EEO office in December 2018. *Id.* at 16-19. Although not entirely clear, she appeared to allege that the HR Director violated the settlement of the appellant's prior EEO case by requesting that SAMD withdraw its job offer in January 2017. *Id.*

She subsequently filed a Board appeal. IAF, Tab 1. She asserted that other employees, who were all white, stayed at their grade level, while the agency lowered hers under the guidance of the HR Director. *Id.* at 5. In addition to race discrimination, she alleged discrimination based on sex and reprisal for participating in the EEO process. *Id.* She also alleged that the agency failed to abide by the terms of a prior settlement agreement. *Id.*

The administrative judge issued an order to the appellant to show cause why her claims should not be dismissed for lack of jurisdiction. IAF, Tab 6. He explained that the Board does not have independent jurisdiction over EEO discrimination and retaliation claims. *Id.* at 1-2. He advised the appellant that the Board would not have jurisdiction over her EEO activity in an individual right of action (IRA) appeal unless such activity "concern[ed] alleged violations of 5 U.S.C. [§] 2302(b)(8)." *Id.* at 3. The order did not advise the appellant of the other types of protected activities over which the Board has IRA jurisdiction or

the remaining elements required to establish such jurisdiction. It also did not advise the appellant as to how to establish jurisdiction over a chapter 75 appeal.

The appellant responded to the order, and raised a claim that the HR Director retaliated against her for making protected disclosures. IAF, Tab 9 at 4. The agency also responded to the order, and the appellant replied. IAF, Tabs 14-16. Following these responses, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 17, Initial Decision (ID) at 1, 9. He found that the January 2017 rescission of the appellant's job offer was not an adverse action within the Board's chapter 75 jurisdiction. ID at 4-5. He reasoned that the withdrawal of the job offer was not a demotion because the offered position would not have been a promotion and, in any event, the appellant never served in the job. *Id.* He stated that the appellant's subsequent October 2017 reduction in grade from a GS-12 to a GS-11 was "not the subject of her appeal to the Board," and, in any event, the appellant did not dispute the agency's assertion that the reassignment was voluntary. ID at 5 n.1; IAF, Tab 14 at 6-7.

The administrative judge then analyzed the appellant's claims as a potential IRA appeal. He found, however, that there was no evidence that the appellant raised an allegation of reprisal for whistleblowing to OSC in relation to the rescission of her job offer. ID at 6. He thus found that she failed to exhaust her administrative remedies with OSC. ID at 6-7. As to her claim of discrimination and reprisal for EEO activity, the administrative judge held that such claims are not independent bases for Board jurisdiction. ID at 7-9. Finally, concerning the appellant's claim that the HR Director abused her authority, the administrative judge found that such a prohibited personnel practice is not an independent source of jurisdiction absent an otherwise appealable action. ID at 9.

The appellant has filed a petition for review, and the agency has responded. Petition for Review (PFR) File, Tabs 3, 5. In her reply to the agency's response, the appellant alleges that under 5 U.S.C. § 7512, her October 2017 reduction in grade and pay is action within the Board's jurisdiction. PFR File, Tab 6 at 5.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>We remand this appeal for a new determination as to whether the appellant established IRA jurisdiction over her appeal.</u>

Under the Whistleblower Protection Enhancement Act of 2012 (WPEA), the Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a protected disclosures described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosures or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). The appellant alleged below that she was retaliated against for making protected whistleblowing disclosures, i.e., reprisal for engaging in activity under section 2302(b)(8). IAF, Tab 9 at 4. We find that we must remand this claim for further adjudication.

An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). This includes not only advising an appellant of her burden of proof, but also explaining how she can show that she satisfied that burden. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 9 (2011). Thus, she should have received explicit information as to how to establish jurisdiction over her whistleblower reprisal claim. We must remand so that she receives adequate notice regarding the exhaustion or other jurisdictional elements of an IRA.

An administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings contain the notice that was lacking in the order, or if the initial decision itself puts the appellant on notice of what she must do to establish jurisdiction, thus affording her the opportunity to meet her jurisdictional burden in the petition for review. *Mapstone v. Department*

*of the Interior*, 106 M.S.P.R. 691, ¶ 9 (2007), *modified on other grounds by Mapstone v. Department of the Interior*, 110 M.S.P.R. 122, ¶ 7 (2008). Here, the agency's submissions did not set out the appellant's jurisdictional burden. IAF, Tabs 14, 16.

Although the administrative judge's order to show cause did not contain sufficient notice, IAF, Tab 6, the administrative judge provided some additional notice in the initial decision, indicating that the appellant "must show that she brought her whistleblower complaint to the attention of OSC." ID at 6. However, sufficient notice needs to advise the appellant of her burden to prove exhaustion by preponderant evidence or explain how she could demonstrate exhaustion. For example, sufficient notice should explain that an appellant may demonstrate exhaustion through her initial OSC complaint, evidence that she amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations, and her written responses to OSC referencing the amended allegations.[2] *Mason*, 116 M.S.P.R. 135, ¶ 8. The appellant here provided OSC's determination and close-out letters, and email correspondence between her and OSC. IAF, Tab 1 at 7-14. However, she did not provide, or have reason to know to provide, other materials or sworn statements related to her OSC complaint.

The initial decision also did not explain the other elements of the appellant's jurisdictional burden. For example, it did not explain to the appellant that to establish jurisdiction for a protected disclosure under section 2302(b)(8), she was required to nonfrivolously allege that she made a disclosure that she reasonably believed evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety. ID at 6-7; *Mason*, 116 M.S.P.R. 135, ¶ 17.

---

[2] Submission of the complaint form, however, is not a requirement for proving exhaustion. *Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 9 n.3 (2016).

On remand, the administrative judge should provide the requisite *Burgess* notice and give the appellant an opportunity to meet her jurisdictional burden as to her claim of whistleblower reprisal. If the appellant does meet her jurisdictional burden, the administrative judge should adjudicate the IRA appeal on the merits. *Mason*, 116 M.S.P.R. 135, ¶ 7 (explaining that if an appellant establishes Board jurisdiction over his IRA appeal by exhausting his remedies before OSC and making the requisite nonfrivolous allegations, he has the right to a hearing on the merits of his claim).

On remand, the administrative judge should also provide the appellant with *Burgess* notice and an opportunity to establish IRA jurisdiction over her claims of reprisal for EEO activity. IAF, Tab 1 at 8, 12-13, 16-19. As it concerns the appellant's EEO activity, the Board's IRA jurisdiction covers reprisal only for exercising "any appeal, complaint, or grievance right . . . with regard to remedying a violation of [section 2302(b)(8)]." 5 U.S.C. §§ 1221(a), 2302(b)(9) (A)(i); *Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1329 (Fed. Cir. 2020); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013). Thus, the appellant's exercise of her right to file an EEO complaint may only be the subject of an IRA appeal if she sought therein to remedy a violation of 5 U.S.C. § 2302(b)(8). *Mudd*, 120 M.S.P.R. 365, ¶ 7. In addition, an appellant pursuing her own personal EEO complaint, which is a matter relating solely to discrimination, is not a protected activity within the Board's IRA jurisdiction. Absent an allegation of reprisal for making protected disclosures on matters unrelated to Title VII, filing an EEO claim is not protected activity under 5 U.S.C. § 2302(b)(9)(A)(i). *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 22-25. Filing a complaint of discrimination also is not a protected activity under 5 U.S.C. § 2302(b)(9)(B), even if the complaint alleges discrimination against other employees. *Id.*, ¶¶ 26-28.

Here, because the administrative judge did not explain that section 2302(b) (8) concerns reprisal for whistleblowing, the appellant was denied an opportunity

to nonfrivolously allege she had raised a whistleblower reprisal claim in the EEO process. *See Young*, 961 F.3d at 1329 (explaining that "[s]ection 2302(b)(9)(A)(i) covers retaliation for exercising any appeal, complaint, or grievance right relating to whistleblowing").

<u>The administrative judge correctly held that the Board lacks jurisdiction under chapter 75 over the January 2017 rescission of the appellant's job offer.</u>

The administrative judge found that the Board lacked jurisdiction over the agency's job offer rescission under chapter 75. ID at 3-5. Specifically, he observed that the appellant's job offer would have been a reassignment with no reduction in grade or pay. ID at 4. He also found that the appellant failed to nonfrivolously allege that she ever performed in the offered position. ID at 4-5. The parties do not appear to challenge these determinations on review, and we see no reason to disturb them. The agency's decision to cancel the job offer did not actually reduce the appellant's grade or pay, and thus it was not an appealable adverse action under chapter 75. *See* 5 U.S.C. § 7512(1)-(5) (setting forth the adverse actions appealable under chapter 75); *Simmons v. Department of Housing & Urban Development*, 120 M.S.P.R. 489, ¶ 4 (2014) (finding that to establish jurisdiction over the cancellation of a promotion or appointment, the appellant must show, among other things, that the promotion or appointment was not revoked before she performed in the position).

<u>The appellant is entitled to notice of how to establish jurisdiction over her October 2017 reduction in grade and pay as an adverse or constructive adverse action.</u>

The administrative judge found that the appellant was not raising her October 2017 reduction in grade from a GS-12 to a GS-11 in her Board appeal and did not dispute the agency's assertion that the demotion was voluntary. ID at 5 n.1. The appellant on review alleges that the Board has jurisdiction over a reduction in grade and pay. PFR File, Tab 6 at 5; *see Morgan v. Department of the Navy*, 28 M.S.P.R. 477, 478 (1985) (explaining that the issue of Board

jurisdiction may be raised at any time during a proceeding). Specifically, she alleges that she held the grade of GS-12, and she applied for a GS-12 position, but upon arrival, SAMD downgraded the position. *Id.*

Under chapter 75, an employee's reduction in grade or pay may be appealed to the Board. 5 U.S.C. §§ 7512(3)-(4), 7513(d). The appellant has the burden of proof on the issue of jurisdiction, and when she makes a nonfrivolous allegation of Board jurisdiction, she is entitled to a hearing on the jurisdictional question. *Lara v. Department of Homeland Security*, 101 M.S.P.R. 190, ¶ 7 (2006). A nonfrivolous allegation of Board jurisdiction is an allegation of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue. *Id.* To constitute an appealable action, the reduction in grade or pay at issue must be involuntary. *Goodwin v. Department of Transportation*, 106 M.S.P.R. 520, ¶ 12 (2007).

To the extent that the administrative judge concluded that the appellant did not dispute the agency's assertion that her reduction in grade and pay was voluntary, we disagree. ID at 5 n.1. The appellant alleged below that after she accepted the GS-12 job, "management used their authority to take [the appellant's] Grade from GS-12 to reassign grade of GS-11." IAF, Tab 9 at 4. Based on this assertion, the appellant was entitled to information regarding how to establish chapter 75 jurisdiction over her demotion claim. *See Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994) (cautioning that in determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling him to a hearing, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties and the agency's evidence may not be dispositive). However, the administrative judge did not provide this information, and it is not contained in the initial decision or pleadings below. IAF, Tabs 6, 14, 16; ID at 3-5.

The appellant also suggested she was subjected to a constructive demotion. Specifically, she appeared to argue that after being advised that the GS-12 offer

was revoked, she competed for and was awarded the GS-11 position and was therefore entitled to saved pay. IAF, Tab 15 at 4. To the extent that the agency contradicted these assertions, we decline to weigh the evidence or arguments at this stage of the proceeding. IAF, Tab 14 at 6-7; *see Ferdon*, 60 M.S.P.R. at 329. Constructive adverse action claims generally have two things in common: (1) the employee lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived the employee of that choice. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013). The appellant's allegation that she was denied saved pay to which she was entitled was enough to require the administrative judge to issue a notice informing her of the elements of a constructive demotion claim. *See Sage v. Department of the Army*, 108 M.S.P.R. 398, ¶¶6-7 (2008) (finding an administrative judge should have given notice regarding the elements of a constructive suspension claim when the appellant asserted that she was forced to take leave in excess of 14 days as the result of her supervisor's verbal and mental abuse, she was unfairly suspended, and the agency refused to allow her to return to her position). However, he did not do so. IAF, Tab 6; ID at 3-5. This information is also lacking from the agency's submissions. IAF, Tabs 14, 16. Thus, the administrative judge on remand must provide the appellant with information regarding the elements and burdens of her reduction in grade and pay and constructive demotion claims.

If the administrative judge finds that the Board has jurisdiction over the appellant's chapter 75 claims, he may find it appropriate to address the timeliness of the appeal. *See generally Edge v. U.S. Postal Service*, 113 M.S.P.R. 692, ¶¶ 7, 9 (2010) (recognizing that dismissing for untimeliness is not appropriate if the jurisdictional and timeliness issues are inextricably intertwined, as in a constructive suspension appeal). Further, provided the appellant filed a timely chapter 75 appeal over which the Board has jurisdiction, the administrative judge should address her affirmative defense of discrimination and retaliation, as well as any other prohibited personnel practices claims she raises in connections with

the alleged demotion.  IAF, Tab 1 at 12-13; 5 U.S.C. § 7702(a); *Cowart v. U.S. Postal Service*, 117 M.S.P.R. 572, ¶¶ 4-5, 8-10 (2012) (determining that the Board must address allegations of prohibited personnel practices raised in a chapter 75 appeal).[3]  In the remand initial decision, the administrative judge may adopt his original findings regarding the agency's January 2017 job offer withdrawal.

## ORDER

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board
Washington, D.C.

---

[3] To the extent that the appellant establishes jurisdiction over both an IRA appeal and an adverse action under chapter 75, she is entitled to an election of her remedies. *Edwards v. Department of Air Force*, 120 M.S.P.R. 307, ¶ 12 (2013).  Should the appellant do so, the administrative judge must determine if she made a knowing and informed election of remedies and, if not, allow her to make such an election.  *Id*.